UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BESSIE E. SWANN,<br><br>    Movant,<br><br>    v.<br><br>SECRETARY, UNITED STATES DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT, et al.,<br><br>    Respondents. | Misc. No. 05-492 (ESH/JMF) |

**REPORT AND RECOMMENDATION**

This case has been referred to me for report and recommendation on movant Bessie Swann's <u>Motion to Quash Administrative Subpoena *Duces Tecum* Pursuant to 12 USC § 3410(a) of the Right of Financial Privacy Act</u>. As discussed below, I recommend that Swann's motion be denied.

**I.    BACKGROUND**

According to Swann's motion, the Office of the Inspector General ("OIG") has been investigating the disbursement of funds from HOPE VI grants to community based organizations in the District of Columbia. HOPE VI is a grant given from the Department of Housing and Urban Development ("HUD") to the District of Columbia Housing Authority ("DCHA"), which, in turn, distributes the funds to local community organizations. Swann is the Executive Director or Wheeler Creek Estates Community Development Corporation, Inc. ("Wheeler Creek"), one of the community organizations receiving HOPE VI grant funds.

On November 18, 2005, OIG and HUD served Swann with customer notice of and a copy

of an administrative subpoena *duces tecum* served on Bank of America.  The subpoena requests copies of all documents relating to accounts maintained by or for the benefit of Swann for the period of May 1, 2004 to the present.  On December 5, 2005, Swann filed a motion to quash OIG and HUD's subpoena pursuant to the Right to Financial Privacy Act of 1978 ("RFRA"), 12 U.S.C.A. § 3401 *et seq*.

**II.    DISCUSSION**

    **A.    Swann's Motion to Quash is Untimely**

As a threshold matter, this court does not have subject matter jurisdiction because Swann's motion is untimely.  RFRA allows a financial institution's customer to challenge the issuance of subpoenas that seek production of his or her banking records. 12 U.S.C.A. § 3410. To that end, RFRA requires the Government authority to notify the bank customer of the subpoena or summons served on the financial institution as well as the nature of the law enforcement inquiry to which the subpoena or summons relates. 12 U.S.C.A. § 3405(2). However, "[a] customer's ability to challenge a subpoena is cabined by strict procedural requirements." Securities and Exch. Comm'n v. Jerry T. O'Brien, Inc., 476 U.S. 735, 746 (1984). A customer who wishes to challenge such a subpoena must do so within the time frame set forth in RFRA.  Specifically, Section 3410(a) provides:

> Within ten days of service or within fourteen days of mailing of a subpoena, summons, or formal written request, a customer may file a motion to quash an administrative subpoena, or an application to enjoin a Government authority from obtaining financial records pursuant to a formal written request, with copies served upon the Government authority.

12 U.S.C.A. § 3410(a).  It has been held that, "if a motion to quash is not timely filed . . . a

district court does not have subject matter jurisdiction to hear the challenge." Siegfried v. Inspector General of the United States Dep't of Agriculture, 163 F.Supp.2d 170, 173 (2001) (quoting Mackey v. United States Sec. and Exch. Comm'n, 1997 WL 114801 at *1 (D.Conn. 1997). See also Turner v. United States, 881 F.Supp. 449, 451 (D. Haw. 1995) ("[T]he government's waiver of its sovereign immunity is conditioned on the timely filing of the motion to quash.");

As stated in Swann's moving papers, on November 18, 2005, the government served the consumer notice with a copy of the subpoena by leaving it in her mailbox. Swann raises no argument as to the adequacy of service. Accordingly, she had ten days from November 18, 2005 to file a motion to quash, but she waited until December 5, 2005 - seventeen days after service. Therefore, Swann's motion to quash should be denied as untimely.

### B. The Subpoena Seeks Records Relevant to a Legitimate Law Enforcement Inquiry

Even if Swann's motion had been timely filed, it should be denied on the merits. Under Section 3410(c), the court must deny a motion to quash if it finds that "there is a demonstrable reason to believe that the law enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry." 12 U.S.C.A. § 3410(c). To that end, the statute provides that, if the customer complied with the procedural filing requirements, then the court shall order the government to file a sworn response, which may be filed *in camera* if appropriate. 12 U.S.C.A. § 3410(b). Although, the court has not ordered the government to file a response in this case, OIG and HUD have already filed their response *in camera*. Upon review of the government's response, I find that there is a demonstrable reason to believe that their law

enforcement inquiry is legitimate and a reasonable belief that the records sought are relevant to that inquiry.

Because the government's response contains sensitive law enforcement information, this discussion is necessarily limited.  First, the subpoena was issued in connection with a legitimate law enforcement inquiry, specifically, OIG and HUD's investigation of HOPE VI program abuses.  Second, based on my review of the government's response, I find that OIG and HUD have a reasonable belief that the records they seek are relevant to that inquiry.  Moreover, I find that, contrary to Swann's objections, the subpoena is not duplicative of records provided to the government by Wheeler Creek pursuant to an earlier administrative subpoena and that it is not overly broad in seeking all of Swann's Bank of America account records.

### III.   CONCLUSION

Accordingly, I recommend that Swann's motion to quash be denied on the grounds that it is untimely and because the subpoena seeks information that is relevant to a legitimate law enforcement inquiry.

_____
JOHN M. FACCIOLA
UNITED STATES MAGISTRATE JUDGE

Dated: